USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ARLENE MATILDE RIVERA,                   :
                                          :
                        Plaintiff,                    :
                                          :          **MEMORANDUM ORDER**
        -against-                        :
                                          :          18-CV-7135 (JLC)
ANDREW M. SAUL, Commissioner,             :
Social Security Administration,           :
                                          :
                        Defendant.                    :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Plaintiff Arlene Matilde Rivera has applied for attorney's fees pursuant to 42 U.S.C. § 406(b). Specifically, her counsel, Daniel Berger, Esq., seeks $17,075, which represents 25 percent of the retroactive benefits awarded to plaintiff. Counsel acknowledges that upon receipt of this sum, he must remit the previously awarded Equal Access to Justice Act ("EAJA") fee of $7,000 directly to plaintiff, as is required by law. If the Court were to approve the requested award, it would result in a *de facto* hourly rate of $457.77 ($17,075 divided by the 37.30 hours counsel spent working on the case in district court).

      In response to the application for fees, the Commissioner, in his capacity as a trustee for the claimant under *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002), suggests that the petition "appears to be untimely" because the Social Security Administration ("SSA") issued a Notice of Award ("NOA") on September 30, 2020, advising plaintiff that she was due benefits, and stating that $17,075 in past due benefits was being withheld for a possible fee petition. Dkt. No. 26 at 1. According

1

to the Commissioner, the NOA was sent to plaintiff's counsel on the same date.[1] *Id.* at 2. Because plaintiff's fee petition was not filed until February 18, 2021, the Commissioner argues that it is untimely under *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89 (2d Cir. 2019), in which the Second Circuit ruled that Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure (and its 14-day filing requirement) applies to section 406(b) fee petitions. Although the Commissioner acknowledges that the Second Circuit in *Sinkler* provided that a court is free to enlarge the filing period where circumstances warrant, he contends that plaintiff's counsel has not provided a reason to enlarge the period in this case. The Commissioner does not otherwise object to the reasonableness of the fee sought by plaintiff's counsel. Dkt. No. 26 at 2.

In reply, plaintiff's counsel argues that the section 406(b) motion was timely submitted within 17 days of his being notified of the claimant's past due benefits as required by *Sinkler*. Dkt. No. 27 at 3. Notwithstanding the NOA dated September 30, 2020, which was purportedly sent to him on that date, plaintiff's counsel claims to have first been informed of how much the SSA was withholding in a notice sent to him on February 9, 2021, and received a copy of the NOA dated September 30, 2020 for the first time when it was attached to the Commissioner's response to the fee application.

---

[1] The Commissioner states as much in an unsworn letter to the Court, but provides no documentation or affidavit from the SSA to establish that the September 30, 2020 NOA was, in fact, mailed to plaintiff's counsel.

This Court has addressed the ramifications of *Sinkler* in another fee application with similar facts. *See Palazzolo v. Saul*, No. 18-CV-1097 (VSB) (JLC), 2020 WL 6108253 (Oct. 16, 2020) (report and recommendation).[2] In *Palazzolo*, I recommended enlarging the filing period and deeming a section 406(b) motion filed within 14 days of when counsel received notice to be timely. Other courts have reached the same conclusion. *See Diberadino v. Commissioner*, No. 17-CV-2868 (PKC), 2020 WL 6746828, at *3 (E.D.N.Y. Nov. 17, 2020) (collecting cases). I incorporate the analysis in *Palazzolo* herein and will not repeat it. Accordingly, the Court need not – and does not – decide the correct interpretation of *Sinkler*, and whether it is the receipt by the claimant or by claimant's counsel that triggers the running of the Rule 54 limitations period. As the Circuit in *Sinkler* itself noted, the 14-day limitations period is "not absolute," and such a period applies "unless a statute or court order provides otherwise." 932 F.3d at 89 (quoting Rule 54(d)(2)(b)). To that end, the *Sinkler* court opined that "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.*

In this case, plaintiff's counsel has sworn in an affirmation submitted to the Court that his office received the February 9, 2021 NOA and then filed the instant motion within 14 days of receipt, on February 18, 2021. In his reply memorandum, he states that he only received a copy of the NOA dated September 30, 2020 for the first time when it was attached to the Commissioner's response to the motion.[3] In

---

[2] Though no objections were filed, the report and recommendation remains pending.

these circumstances, to the extent that the limitations period begins to run after counsel has received the NOA, then the application is plainly timely. To the extent that the limitations period begins to run after the claimant has received the NOA, then in these circumstances equitable tolling should apply. The Court finds it odd that the Social Security Administration issued effectively two separate NOAs – one addressed to the claimant on September 30, 2020 (Dkt. No. 26-1), along with a separate "important information" to the claimant's counsel on that same date (Dkt. No. 26-2), and then more than four months later, on February 9, 2021, a separate document notifying claimant's counsel that the SSA was withholding the amount of $17,075, and that any petition for court fees should be submitted to the federal court (Dkt. No. 24-3). One would think that if the original NOA was the trigger for the fee application, then a second notice would have been superfluous. If anything, such a record suggests that it would be the February 9 notice directed to counsel that triggers the time to petition for fees and not the NOA to the claimant.

With respect to the merits of the application, the Commissioner does not object to the requested fee and the Court concludes that each of the reasonableness factors to be considered weighs in favor of approving the fee request. *See Palazzolo*, 2020 WL 6108253, at *2 (identifying reasonableness factors) (citations omitted). Most contingency agreements in social security cases set the contingency rate at 25

---

[3] Plaintiff's counsel should have submitted a sworn statement as to this particular fact, rather than merely include it in an unsworn reply memorandum, as it is well-settled that "[a]n attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009).

percent and that is true in this case.  In addition, there is no evidence of fraud or overreaching in the case by plaintiff's counsel.  Moreover, counsel's *de facto* hourly rate of $457.77 is well within the rates approved in this District and does not represent a windfall to him.  *Id.* at *4 (citing cases).

For all these reasons, plaintiff's motion is granted and plaintiff's counsel is awarded $17,075, which represents 25 percent of the retroactive benefits awarded to plaintiff.  Plaintiff's counsel, upon receipt of this sum, is directed to remit the previously awarded $7,000 in EAJA fees directly to plaintiff.

The Clerk is directed to close Docket No. 23 and mark it as "granted."

**SO ORDERED.**

Dated: New York, New York
       March 9, 2021

_____
JAMES L. COTT
United States Magistrate Judge